held liable to his subvendee, the amount of his probable liability may be recovered from the original seller': Williston on Contracts, vol. 3, p. 2416, section 1355; Williston on Sales, vol. 2, p. 1438, section 599a; Buckbee v. Hohenadel, 224 Fed. 14; Lissberger v. Kellogg, 78 N. J. L. 85, 73 Atl. 67; Hubbard Steel Foundry Co. v. Federal Bridge, etc., Co., 169 Wis. 277, 171 N. W. 949."

Considering the evidence and reasonable inferences therefrom in the light most favorable to the plaintiff —as we are bound to do after a verdict in his favor: *Lanni v. Pennsylvania Railroad Company,* 371 Pa. 106, 88 A. 2d 887; *Rubin Brothers Waste Co. v. Standard Equipment Company,* 368 Pa. 61, 81 A. 2d 876; *Kalyvas v. Kalyvas,* 371 Pa. 371, 89 A. 2d 819, we are of the opinion that the evidence was sufficient to support the verdict and there is nothing to justify an n.o.v. or even a new trial.

Judgment affirmed.

## Anderson Estate.

352

Argued November 24, 1952. Before STERN, C. J., STEARNE, JONES, BELL and CHIDSEY, JJ.

354

*Leslie Pinckney Hill, 2nd,* with him *E. Washington Rhodes,* for appellant.

*Harry R. Back,* with him *Back & Levy,* for appellee, was not heard.

OPINION PER CURIAM, January 5, 1953:
The judgment of the court below is affirmed on the opinion of Judge GORDON.

Lennox, Appellant, *v.* Clark, Appellant.

